RAMÓN MONTANER, MANAGER OF STATE INSURANCE FUND, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; CRISTÓBAL ALMODÓVAR PÉREZ, Claimant.

No. 210.  Argued November 12, 1940.—Decided November 30, 1940.

*George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal González* and *Leopoldo Figueroa, Legal Advisers of the State Insurance Fund,* for appellant. *R. Atiles Moréu* for claimant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In this case the Manager of the State Insurance Fund rendered a decision holding that the workman Israel Almodóvar had died from pernicious malaria and not in consequence of a labor accident and that, therefore, the case was not compensable under Act No. 45 of 1935 (Session Laws, p. 250).

From that decision the beneficiaries of the workman took an appeal to the Industrial Commission of Puerto Rico which, after hearing the oral and expert evidence introduced by the parties, adjusted the conflict in the evidence in favor of the claimants and on June 22, 1940, rendered a decision holding that the workman had died from septicemia and bilateral pneumonia in consequence of the wound received in the course of his employment, and further holding that Cristóbal Almodóvar Pérez and Julia Toro, parents of the deceased, depended upon him for their support and were entitled to compensation.  On September 27, 1940, the Industrial Commission refused to reconsider said decision, and thereupon the Manager of the State Insurance Fund took the present

appeal, which he based substantially on the ground that the commission had erred in weighing the evidence.

Julia Toro, who according to the evidence presented to the commission, had been living apart from her husband for over fourteen years, was not made a party to said appeal nor was she served with any notice thereof, for which reason Cristóbal Almodóvar filed a motion to dismiss which is now before us.

Julia Toro, the mother of the deceased and a party interested in the decision of the Industrial Commission, should have been joined in the petition for review, just as it was done in the case of Cristóbal Almodóvar, and should have been served with a copy of said petition. The noncompliance with these requisites on the part of the appellant deprives us of jurisdiction to entertain the appeal, as any decision which might be rendered reversing that of the Industrial Commission would have the effect of depriving Julia Toro, without due process of law, of the right she acquired in virtue of the decision of the Industrial Commission.

Had we considered this case on the merits we would have affirmed the decision appealed from, as the record shows that the conclusion reached by the Industrial Commission in its decision of June 22, 1940, is supported by the evidence, and this being so, we would not be warranted in disturbing the same.

For the reasons stated the appeal must be dismissed for want of jurisdiction.